

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

MEGAN MESSINA,                          )
                                        )
        Plaintiff,                      )
                                        )
v.                                      )        Case No. 2:25-cv-00012
                                        )
SKI BROMLEY, LLC,                       )
                                        )
        Defendant.                      )

**OPINION AND ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT**
(Doc. 33)

On February 2, 2026, Defendant Ski Bromley, LLC ("Bromley") moved for summary judgment on Plaintiff Megan Messina's negligence claim, arguing that Plaintiff has failed to proffer evidence that satisfies the claim's causation element. (Doc. 33.) Plaintiff opposed the motion on March 4, 2026. (Doc. 34.) Bromley replied on March 17, 2026, (Doc. 38), at which time the court took the pending motion under advisement.

Plaintiff is represented by Sean P. Noonan, Esq. Bromley is represented by Andrew H. Maass, Esq., and Matthew D. Preedom, Esq.

**I.      Whether to Consider Plaintiff's Additional Facts.**

In addition to submitting a response to Bromley's Statement of Undisputed Material Facts ("SUMF"), Plaintiff submitted an Additional Statement of Undisputed Material Facts ("ASUMF"). (Doc. 34-1.) Bromley objects to the consideration of certain facts in the ASUMF as inadmissible hearsay or mischaracterized evidence. It objects to other facts on the basis that Plaintiff has allegedly failed to provide the evidence upon which she avers to rely.

Local Rule 56 requires that statements of fact "be followed by citation to admissible evidence or to evidence that can be presented in admissible form *at trial* as required by Fed. R. Civ. P. 56(c)." D. Vt. Loc. R. Civ. P. 56(d) (emphasis supplied).

Accordingly, if evidence is not presented in an admissible form at the summary judgment phase but may be presented in an admissible form at trial, a court may consider it. *See, e.g., Brunette v. City of Burlington*, 2018 WL 4146598, at *21 (D. Vt. Aug. 30, 2018) ("While the content of the evidence submitted to support or dispute a fact on summary judgment must be admissible, 'the material may be presented in a form that would not, in itself, be admissible at trial.'") (citation omitted); *Gade v. State Farm Mut. Auto. Ins. Co.*, 2015 WL 7306433, at *16 (D. Vt. Nov. 19, 2015) ("Based upon the undisputed facts, the [expert] report is admissible for the limited purpose of demonstrating that, pre-lawsuit, [defendant] consulted with an expert witness in the course of analyzing [the p]laintiff's 2008 [uninsured motorist] claim."). The court will therefore proceed on this basis and will not exclude evidence on hearsay grounds unless there is no likelihood that it could be admitted at trial.

Where Plaintiff has failed to proffer admissible evidence supported by exhibits, affidavits, or deposition testimony in the record, the court may deem the matter undisputed. *See SJN Props. LLC v. Harleysville Ins. Co.*, 738 F. Supp. 3d 405, 411 (S.D.N.Y. 2024) ("When the movant properly supports her motion with evidentiary materials, the opposing party must establish a genuine issue of fact by citing 'particular parts of materials in the record' to survive the summary judgment motion.") (quoting Fed. R. Civ. P. 56(c)(1)(A)).

## II.    Factual Background.

### A.    The Undisputed Facts.

Bromley owns and operates the Bromley Mountain Ski Resort (the "Resort") in Peru, Vermont. It instructs all of its employees to be on the lookout for slipping hazards and to report or remediate those hazards immediately. Employee training warns that "[i]ce will occur" and advises employees to "know what to look for, buy [a] traction device, [and] know how to use it[.]" (Doc. 34-6 at 3.) It further cautions that "[w]e live in Vermont. There are freezing, thawing, refreezing events daily during the winter months. Be cautious, plan ahead, and walk like a penguin when on slippery surfaces." *Id.*

2

On January 9, 2022, Plaintiff visited the Resort while vacationing with her husband, Steven Messina, and two children. Mr. Messina recalls that it was lightly raining and he was unloading their skis when, between approximately 8:30 a.m. and 9:00 a.m., Plaintiff allegedly fell after slipping on ice in front of the Resort's ticket windows and sustained injuries.

The area in front of the ticket windows is a stamped concrete area served by a radiant heating system.[1] According to a Fed. R. Civ. P. 30(b)(6) deposition of Joshua Witkin, Bromley's general manager, no employee reported seeing ice prior to Plaintiff's fall.[2] Plaintiff testified that she did not observe Mr. Messina, while unloading the skis, act as if conditions were slippery, such as slipping or "walking gingerly[.]" (Doc. 33-4 at 9:19.) Both Plaintiff and Mr. Messina testified that they did not notice ice prior to Plaintiff's fall but did see it where she was lying after she fell.

Plaintiff's expert meteorologist, Christopher Gloninger, testified that he could not definitively say "whether or not there was ice present at the location of Plaintiff's fall when she fell[.]" (Doc. 33-7 at 3:13-14); *see also id.* at 12:8-9 ("I cannot say if there is ice at a particular location."). He did testify, however, that "temperatures were certainly cold enough to produce ice." *Id.* at 11:23-24. Weather forecasts emailed to Bromley employees for the week of January 7-13, 2022, reported freezing temperatures and expected precipitation "water equivalent" of 0.40 inches to 0.65 inches. (Doc 34-4 at 3.)

---

[1] Plaintiff contends there is no evidence that the radiant heating system prevents the formation of ice and seeks discovery on this and other issues in lieu of summary judgment. The functionality and effectiveness of the radiant heating system is not material to the determination of summary judgment.

[2] Although Plaintiff disputes this, she offers no evidence to contradict it but instead claims "Defendant's own testimony[]" is insufficient. (Doc. 34-1 at 6.) Self-serving testimony must still be rebutted, not on the issue of whether ice could form during the relevant weather conditions but on the narrow issue of whether any Bromley employee reported seeing ice prior to Plaintiff's fall. *See In re Dana Corp.*, 574 F.3d 129, 153 (2d Cir. 2009) ("[T]he self-serving nature of a witness's statements goes to the statements' weight, not to their admissibility."); *Wang v. Delphin-Rittmon*, 747 F. Supp. 3d 336, 343 n.14 (D. Conn. 2024) (noting that "basic summary judgment law . . . does not allow courts to discount otherwise admissible factual statements of parties merely because they can be characterized as 'self-serving' in nature[]")

Bromley employees and volunteer ski patrollers who responded to Plaintiff's fall reported that there was no ice present in the area.[3] A ski patrol employee who, according to Bromley's incident report of Plaintiff's fall, was first on scene reported that the "pavers were wet, however[,] clear of ice." (Doc. 33-6 at 10.)

### III.   Conclusions of Law and Analysis.

### A.   Standard of Review.

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A "material" fact is one that "'might affect the outcome of the suit under the governing law.'" *Rodriguez v. Vill. Green Realty, Inc.*, 788 F.3d 31, 39 (2d Cir. 2015) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "A dispute of fact is 'genuine' if 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Id.* at 39-40 (quoting *Anderson*, 477 U.S. at 248). On a motion for summary judgment, the court "constru[es] the evidence in the light most favorable to the nonmoving party and draw[s] all reasonable inferences in that party's favor." *Radwan v. Manuel*, 55 F.4th 101, 113 (2d Cir. 2022) (internal quotation marks omitted) (quoting *Kuebel v. Black & Decker Inc.*, 643 F.3d 352, 358 (2d Cir. 2011)).

The moving party "always bears the initial responsibility of informing the district court of the basis for its motion[] and identifying" the evidence "which it believes demonstrate[s] the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). When the moving party has carried its burden, its opponent

---

[3] Mr. Messina testified that, after Plaintiff's fall, he allegedly slipped on ice while walking toward Plaintiff and saw another individual lose footing nearby. He then alleged that a Bromley employee applied rock salt to the area where Plaintiff fell, a second employee arrived with a shovel, and the first employee told the second employee, "This is supposed to be your job." (Doc. 34-1 at 7) (internal quotation marks and citation omitted). Mr. Messina's testimony is unsupported by the record before the court, as the relevant pages of his deposition were not included in the exhibit proffered by Bromley, *see* Doc. 33-8, and Plaintiff did not proffer the relevant pages herself. Even if it were, the evidence is not admissible. *See* Fed. R. Evid. 407 ("When measures are taken that would have made an earlier injury or harm less likely to occur, evidence of the subsequent measures is not admissible to prove . . . negligence[.]").

4

must produce "sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson*, 477 U.S. at 249. To avoid summary judgment, the nonmoving party must "do more than simply show that there is some metaphysical doubt as to the material facts." *McKinney v. City of Middletown*, 49 F.4th 730, 738 (2d Cir. 2022) (internal quotation marks omitted) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). Instead, the burden shifts to the nonmoving party "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Hayut v. State Univ. of N.Y.*, 352 F.3d 733, 743 (2d Cir. 2003) (internal quotation marks omitted) (citing *Celotex*, 477 U.S. at 322).

In adjudicating a motion for summary judgment, the district court's role "is not to resolve disputed questions of fact but only to determine whether, as to any material issue, a genuine factual dispute exists." *Clark v. Hanley*, 89 F.4th 78, 95 (2d Cir. 2023) (internal quotation marks omitted) (quoting *Kee v. City of New York*, 12 F.4th 150, 166-67 (2d Cir. 2021)). If the evidence "presents a sufficient disagreement to require submission to a jury[,]" the court should deny summary judgment. *Anderson*, 477 U.S. at 251-52.

"Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." *Proctor v. LeClaire*, 846 F.3d 597, 608 (2d Cir. 2017) (citation and internal quotation marks omitted). Not all disputed issues of fact, however, preclude summary judgment. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (citations omitted).

**B.    Whether Plaintiff Has Established the Essential Elements of Negligence Under Vermont Law.**

"To establish negligence in a premises-liability case, as in any other negligence action, the plaintiff must show that the defendant owed the plaintiff a legal duty, the defendant breached that duty, the plaintiff suffered actual injury, and there is a causal link between the breach and injury." *Bernasconi v. City of Barre*, 2019 VT 6, ¶ 11, 209 Vt. 419, 423, 206 A.3d 720, 723. "The plaintiff bears the burden of producing evidence

sufficient for a reasonable jury to conclude that the defendant's negligent action or omission caused the plaintiff harm." *Id.* (citing *Collins v. Thomas*, 2007 VT 92, ¶ 8, 182 Vt. 250, 253-54, 938 A.2d 1208, 1211).

Bromley, as the moving party, "does not seek summary judgment on the question of whether ice was present – that is a disputed fact within the jury's purview[,]" and instead frames the issue as one of causation and argues "Plaintiff cannot advance any evidence proving when the ice formed and thus cannot demonstrate that [its] action or inaction caused her to fall." (Doc. 33 at 2.) "While causation is ordinarily a question for the jury, where a reasonable jury could not find that the defendant caused the plaintiff harm, a court must award judgment as a matter of law." *Bernasconi*, 2019 VT 6, ¶ 12, 209 Vt. at 423, 206 A.3d at 723. "'Evidence which merely makes it possible for the fact in issue to be as alleged, or which raises a mere conjecture, surmise or suspicion, is an insufficient foundation for a verdict,' and thus where the jury could only find for the plaintiff by relying on speculation, the defendant is entitled to judgment." *Id.* at ¶ 11, 209 Vt. at 423, 206 A.3d at 723 (quoting *Fuller v. City of Rutland*, 171 A.2d 58, 61 (1961)). Whether framed as duty, breach, or causation, Bromley is correct that notice of the condition and failure to address it in a reasonable period of time are essential elements of Plaintiff's case.[4]

"Winter weather is a reality of life in [Vermont]. On the one hand[,] slippery conditions cannot be wholly prevented, but on the other they are foreseeable." *Wakefield v. Tygate Motel Corp.*, 640 A.2d 981, 982 (Vt. 1994) (affirming jury instruction including

---

[4] Courts have framed the issue as duty and breach, as well as causation. *See e.g.*, *Seewaldt v. Mount Snow, Ltd.*, 552 A.2d 1201, 1202 (Vt. 1988) (finding plaintiff failed to present evidence of breach where she sustained injuries after she slipped on a path between the parking lot and ski lodge and fell into rocks which she claimed defendant negligently failed to clear because "nothing in the record suggest[ed] that the path . . . was itself dangerous and unsafe to a degree that defendant had reason to anticipate that a person using it might slip and fall" and, "[u]nless there is some foreseeably dangerous condition which is known or should be known by the owner but is not known to the invitee, evidence of rocks or the use of a hard paving material, either of which might cause injury in the event of a fall, is, without more, insufficient to establish a prima facie case of negligence").

this language). Bromley had a duty to keep the area in front of the ticket booth "reasonably safe from ice and snow[,]" but this duty "is not absolute, and [Bromley] is not an insurer of [P]laintiff's safety[.]" *Id.* "The Vermont Supreme Court has adopted the Restatement [(Second) of Torts §§ 343 and 343A] for premises liability." *Merritt v. United States*, 592 F. Supp. 3d 340, 353 (D. Vt. 2022). Section 343 provides that:

> A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he
>
> (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and
>
> (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and
>
> (c) fails to exercise reasonable care to protect them against the danger.

*Fleurrey v. Dep't of Aging and Indep. Living*, 2023 VT 11, ¶ 10, 217 Vt. 527, 533, 292 A.3d 1219, 1223.

> Section 343 should be read together with § 343A[,] . . . [which] states, in relevant part, that:
>
> (1) A possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness.

*Id.* at ¶ 11, 217 Vt. at 533-34, 292 A.3d at 1223 (internal quotation marks and citation omitted). The "critical criterion" is "whether [Bromley], under the circumstances, should have expected that [P]laintiff would not protect h[er]self from the danger that was open and obvious to both of them." *LeClair v. LeClair*, 2017 VT 34, ¶ 11, 204 Vt. 422, 430, 169 A.3d 743, 748.

The Vermont Supreme Court has consistently held summary judgment is appropriate in negligence cases where a plaintiff cannot demonstrate that the defendant had notice a hazard was present. Part of this notice is the existence of the hazard for a sufficient length of time for the defendant to discover and eliminate or ameliorate it.

For example, in *Bernasconi*, the plaintiff sued the City of Barre after he fell into a hole and injured his knee while visiting graves at a city-owned cemetery. The Vermont

Supreme Court affirmed the trial court's grant of summary judgment to the defendant, "even if the City was negligent in its inspection and maintenance practices," because the plaintiff failed to produce any evidence of how long the hole existed. *Id.* at ¶ 1, 209 Vt. at 420, 206 A.3d at 721. It concluded that, "without evidence as to how long the hole existed, [the] plaintiff cannot prove that any lack of diligence by the City in failing to timely inspect for and repair holes caused his injury[]" and there was "no basis for concluding that the City's failure to inspect more thoroughly or frequently proximately caused [the] plaintiff's injury." *Id.* at ¶ 13-14, 209 Vt. at 423-24, 206 A.3d at 724.

Similarly, in *Metcalfe v. Champlain Valley Exposition, Inc.*, the plaintiff brought a negligence claim against the operator of a fairground after he slipped and fell on a wet floor of a restroom. 2024 WL 557163 (Vt. Feb. 9, 2024). The Vermont Supreme Court affirmed summary judgment in favor of the defendant, reasoning that, "[w]ithout evidence of how long the floor was wet, it would be impossible for a reasonable jury to conclude that more frequent inspections of the restroom stalls would have led defendant to discover or prevent the condition." *Id.* at *2; *see also Maciejko v. Lunenberg Fire Dist. No. 2*, 758 A.2d 811, 813 (Vt. 2000) (concluding that plaintiffs failed to prove defendant caused sewage to back up into their basement where they could not show how long the sewer main had been obstructed, making it "impossible to conclude that regular maintenance would have prevented the obstruction[]").

Here, as in *Bernasconi* and *Metcalfe*, even assuming *arguendo* the presence of ice, there is no evidence of how long it had been present in front of the Resort's ticket windows. Without evidence of "how long the [ice] had been" present, Plaintiff "cannot satisfy her burden of proving that [Bromley] breached its duty, even assuming without deciding that [Bromley] owed a duty to [P]laintiff, and thereby proximately caused her fall." *Parker v. Univ. of Vt. Med. Ctr.*, 2020 WL 5291405, at *2 (Vt. Sept. 4, 2020) (upholding grant of summary judgment for defendant because plaintiff could not prove breach of duty and causation where she "failed to demonstrate that she could produce

evidence of how long the water had been on the bathroom floor or when the hospital had become aware of the water on the bathroom floor").[5]

Plaintiff attempts to distinguish the instant case from *Bernasconi* and *Metcalfe*, arguing that this case is unlike "situations where a hazard appears suddenly and without warning." (Doc. 34 at 14.) She cites no authority, however, to support her contention that a different causation standard applies in these circumstances.

Because Plaintiff cannot proffer direct evidence that Bromley had actual or constructive notice of ice in the area where she fell, she relies on contemporaneous weather forecasts and advisories, the geographic location of the Resort and the time of year, and the report of an expert witness who opined that "temperatures were certainly cold enough to produce ice." (Doc. 33-7 at 11:23-24.) She argues that the lack of adequate inspection methods is sufficient to create a disputed issue of material fact. However, under Vermont law, "without evidence as to how long the [hazard] had existed, [a] plaintiff cannot prove that any lack of diligence by the [defendant] in failing to timely inspect for and repair [a hazard] caused [her] injury." *Bernasconi*, 2019 VT 6, ¶ 13, 209 Vt. at 423, 206 A.3d at 724. A failure to inspect thus does not automatically equate to notice. *See Lane v. State of Vt.*, 811 A.2d 190, 198-99 (Vt. 2002) (holding that "weather reports for the day in question[,] the geography of the area," and the opinions of two lay witnesses, which were never relayed to defendant, that "the section of road in question was susceptible to icing[]" did not establish that the defendant "had actual or constructive

---

[5] In *Stearns v. Sugarbush Valley Corp.*, 296 A.2d 220 (Vt. 1972), the Vermont Supreme Court affirmed a judgment in the plaintiff's favor in a negligence action against a ski resort operator where the plaintiff slipped and fell on an icy path between the parking lot and a restaurant on the premises and sustained injuries. The court held that the "fact that snow or sport may be involved in various parts of the operation are circumstances which may measure the reasonableness of protective measures, or the lack of them, in a particular situation[]" but did not absolve the defendant of its duty "to maintain the premises reasonably safe for those whose [business] it solicited . . . . Its responsibility toward its customers is expressly the same as that of any business." *Id.* at 222. *Stearns* is distinguishable from the instant case because there was evidence of defendant's notice of the hazard because "[e]arlier in the day an employee of the defendant had fallen on the same path[] and had notified the defendant's president of the accident." *Id.* at 221.

notice that the section of I-89 in question was particularly susceptible to icy conditions[]"). An argument that "a reasonably careful inspection would have revealed" the hazard, *Bernasconi*, 2019 VT 6, ¶ 9, 209 Vt. at 422, 206 A.3d at 723, will not suffice because without proof of duration of the hazard, a plaintiff has "no evidence that the [defendant] would have found it if it had more zealously inspected and repaired [hazards] on the" premises. *Id.* at ¶ 14, 209 Vt. at 424, 206 A.3d at 724. "That evidence supports only 'conjecture, surmise[,] or suspicion" that [Bromley's] negligence caused [P]laintiff's injury, and so is legally insufficient." *Id.* at ¶ 15, 209 Vt. at 424-25, 206 A.3d at 724 (quoting *Fuller*, 171 A.2d at 61).

Correspondingly, awareness of the hazard *after* the accident is "not enough evidence for a reasonable jury to find that the [defendant] knew about the [hazard] but had negligently failed to discover, mark, or fix it before the accident." *Id.* at ¶ 15, 209 Vt. at 424, 206 A.3d at 724. For this reason, Plaintiff's reliance on evidence that Bromley employees scattered rock salt after her fall, although unsupported by the record before the court, does not create a disputed issue of fact. Remedial measures after an injury "do[] not create a reasonable inference that defendant was negligent . . . beforehand." *Metcalfe*, 2024 WL 557163, at *2; *see also id.* at *1 (ruling that evidence that restroom attendant mopped the floor "[i]mmediately after [plaintiff] fell" is not sufficient); *State v. Martin*, 2007 VT 96, ¶ 37, 182 Vt. 377, 398, 944 A.2d 867, 883 ("At best, subsequent remedial measures are considered marginally probative of prior negligence.") (quoting *Keller v. United States*, 38 F.3d 16, 31 (1st Cir. 1994)).

Plaintiff is correct, with respect to her negligence claim, that the "[t]he issue . . . is not *merely* how long the specific patch of ice existed," (Doc. 34 at 18) (emphasis supplied); however, notice is an essential element, and "[i]f the undisputed facts reveal that there is an absence of sufficient proof as to one essential element of the claim, any factual disputes with respect to other elements of the claim become immaterial and cannot defeat a motion for summary judgment." *Burke v. Jacoby*, 981 F.2d 1372, 1379 (2d Cir.1992). "Absent any evidence of how long the [ice] had been [present], a reasonable jury could not find that [Bromley] proximately caused [P]laintiff's injury by

10

failing to adequately inspect or maintain the premises." *Metcalfe*, 2024 WL 557163, at *2. Because a reasonable fact finder could only find for Plaintiff "by relying on speculation, [Bromley] is entitled to judgment." *Bernasconi*, 2019 VT 6, ¶ 11, 209 Vt. at 423, 206 A.3d at 723.

C.    **Whether to Grant Plaintiff's Request for Additional Discovery.**

Fed. R. Civ. P. 56(d) provides that when "a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may" defer consideration of the motion, deny the motion, allow time to obtain affidavits or declarations or take discovery, or issue any other appropriate order. By affidavit or declaration, the nonmovant must describe: "(1) what facts are sought and how they are to be obtained; (2) how these facts are reasonably expected to raise a genuine issue of material fact; (3) what efforts the affiant has made to obtain them; and (4) why the affiant's efforts were unsuccessful." *Gualandi v. Adams*, 385 F.3d 236, 244 (2d Cir. 2004) (interpreting prior version of rule).

Plaintiff seeks additional time to obtain discovery "regarding [Bromley's] maintenance practices, the functionality of the radiant heating system o[n] January 9, 2022, and the specific actions taken . . . in response to weather forecasts at the time of the incident[.]" (Doc. 34 at 22.) Plaintiff, however, has not filed an affidavit or declaration in support of her request as required by Rule 56(d). Nor has she explained why she was unable to obtain the desired evidence in the several months between her expert engineer conducting a site inspection of Bromley's premises on May 30, 2025, the completion of fact witness depositions by November 1, 2025, and the close of discovery on January 30, 2026. Plaintiff had ample time to conduct discovery, and her request is therefore DENIED.

11

## CONCLUSION

For the foregoing reasons, the court GRANTS Bromley's motion for summary judgment. (Doc. 33.)

SO ORDERED.

Dated at Burlington, in the District of Vermont, this 30ᵗʰ day of June, 2026.

Christina Reiss, Chief Judge
United States District Court